IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ronnie Martin,                     )<br>                                                )<br>           Petitioner,              )<br>                                                )     Civil Action No. 4:22-cv-3264-BHH<br>v.                                         )<br>                                                )           **ORDER**<br>Kenneth Nelson,                 )<br>                                                )<br>           Respondent.         )<br>_____) | |

This matter is before the Court upon Petitioner Ronnie Martin's ("Petitioner" or "Martin") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 22, 2022, Respondent filed a motion for summary judgment and memorandum in support. (ECF Nos. 16 and 17.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On January 5, 2023, Magistrate Judge Thomas E. Rogers III issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the applicable rules and the potential consequences if he failed to respond to the motion for summary judgment. (ECF No. 18.) Petitioner filed a response on February 17, 2023. (ECF No. 32.)

After considering the record and applicable law, the Magistrate Judge filed a Report and Recommendation ("Report") on April 24, 2023, outlining the issues and recommending that the Court grant Respondent's motion for summary judgment in its entirety. (ECF No. 34.) Attached to the Magistrate Judge's Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of receiving a copy. On May 11,

2023, Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review. (ECF No. 36.) For the reasons set forth below, the Court adopts the Magistrate Judge's Report and grants Respondent's motion for summary judgment.

## STANDARDS OF REVIEW

**I.     Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**II.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

A specific objection to a Magistrate Judge's Report "requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities." *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-00466-SAL, 2023 WL 2386515, at *1 (D.S.C. Mar. 7, 2023); *see also Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).  In other words, a specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  "Generally stated, nonspecific objections have the same effect as would a failure to object."  *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.    Liberal Construction of *Pro Se* Filings

*Pro se* filings are to be "liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, the requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim; nor can the Court assume the existence of a genuine issue of material fact where none exists.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of*

3

*Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate.").

## BACKGROUND

As an initial matter, the Court notes that the Magistrate Judge's Report contains a thorough outline of the relevant procedural and factual background, and no party specifically objects to this portion of the Magistrate Judge's Report. After review, the Court finds no clear error and adopts the procedural history section of the Report.

## DISCUSSION

### I.    Habeas Corpus Relief

Review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). As the Magistrate Judge explained in the Report, under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to"

clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Because "review under § 2254(d)(1) focuses on what a state court knew and did," this Court measures the reasonableness of the state court's decision based on the information in the record before the state court. *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)).

"Likewise, § 2254(d)(2) provides for a limited review of factual determinations in light of the evidence presented in the State court proceeding[;] [thus,] [t]his backward-looking language similarly requires an examination of the state-court decision at the time it was made." *Id.* (citation and internal quotation marks omitted). Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.     Exhaustion and Procedural Bar

Before a Petitioner can obtain relief under § 2254, he must first clear a series of procedural hurdles. For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief

5

on the merits of a claim.[1]  *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In other words, to exhaust a federal habeas corpus claim, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim."  *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (citation and internal quotation marks omitted).  This means that a petition must present the claim to the state court "face-up and squarely."  *Id.*  Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." *Id.* (internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default–often referred to as a procedural bar–one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Mahdi*, 20 F.4th at 892 (quoting *Breard*, 134 F.3d at 619) (internal quotation marks omitted).  Another way procedural default occurs

---

[1] The exhaustion requirement exists to promote comity within our federal system.  As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate  a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

is when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard*, 134 F.3d at 619.

Nevertheless, because the requirement of exhaustion is not jurisdictional, in very limited circumstances a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a miscarriage of justice because the petitioner is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may

7

show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III. Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694-95.  In the guilty plea context, a petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### IV.    The Magistrate Judge's Findings and Petitioner's Objections

In the Report, the Magistrate Judge addressed each of the four grounds for relief that Petitioner raised in his § 2254 petition.  With respect to Petitioner's first ground–alleging ineffective assistance of counsel–the Magistrate Judge outlined all of Petitioner's alleged claims of ineffective assistance and determined that Petitioner abandoned his claim for ineffective assistance related to the indictment.  Petitioner's objections do not address this finding, and the Court finds no clear error.

Next, the Magistrate Judge found that the only claim of ineffective assistance that Petitioner properly exhausted and preserved was his claim that trial counsel was ineffective for failing to object when the trial court took judicial notice of the time of sunset on the date the crime occurred.  The Magistrate Judge thoroughly reviewed the evidence before the trial court regarding the time of sunset on the date of the crime as well as the evidence underlying the trial court's decision not to include a jury charge on second-degree burglary.  The Magistrate Judge also outlined the PCR court's findings (1) that the time of sunset on the date of the crime was a fact of which the trial court could properly take judicial notice under South Carolina state evidentiary law and (2) that even if trial counsel's failure to object was error, Petitioner still failed to establish resulting prejudice in light of the other properly admitted evidence.  Ultimately, the Magistrate Judge declined to reconsider the findings of the PCR court and the Court of Appeals as to whether the trial court properly took judicial notice of the time of sunset because those findings were based on South

9

Carolina state evidentiary law. Additionally, the Magistrate Judge found that Petitioner did not show that the PCR court acted unreasonably when it found that no prejudice resulted from counsel's failure to object. The Magistrate Judge explained:

> [D]espite taking judicial notice of the U.S. Naval Observatory evidence, the trial court's ruling was based on the entirety of the evidence before it and the defense had not offered any evidence indicating the crime did not occur around 8:00 p.m. or that the sun had not set by that time. Nor did Petitioner actually contest those facts at trial or PCR. Accordingly, the PCR court reasonably found that Petitioner failed to show a reasonable probability that if Trial Counsel had objected to the court's taking judicial notice, the trial court would not have denied counsel's request for a charge on second-degree burglary or the jury would not have convicted Petitioner of first-degree burglary based on the evidence the crime occurred at 8:00 p.m. and that it was dark at the time.

(ECF No. 34 at 19.)

The only arguably specific objection that Petitioner asserts in his objections[2] is his claim that he "was prejudiced since the judicial notice barred the jury from considering the lesser-included offense of burglary in the second degree." (ECF No. 36 at 7.) Petitioner further asserts that the PCR court recognized that trial counsel should have objected to the trial court's taking of judicial notice, and Petitioner claims, "[h]ad defense counsel correctly obje[c]ted when the trial court took judicial notice, petitioner could have received the jury

---

[2] For example, on the first page of his objections, Petitioner asserts in an entirely conclusory fashion that the Magistrate Judge's decision is "objectively unreasonable" and that the Magistrate Judge failed to apply the appropriate standards and improperly adopted Respondent's view of the record. (ECF No. 36 at 1.) After review, the Court finds no merit to this general, unsupported objection and finds that the Magistrate Judge applied the correct standards and fairly and accurately summarized the evidence of record. On the next four pages of his objections, Petitioner merely sets forth general legal principles but does not point to any specific legal or factual errors in the Magistrate Judge's Report. Then, on page six of his objections, Petitioner repeats the claims of ineffective assistance of counsel that he presented on direct appeal, but again, he does not point to any specific legal or factual errors in the Report. (*Cf.* ECF No. 16-2 at 181 *and* ECF No. 36 at 6.) It is only on page seven of his objections that the Petitioner asserts a specific objection (which the Court addresses above), and this objection pertains only to the Magistrate Judge's analysis of Petitioner's ineffective assistance claim arising out of trial counsel's failure to object to the trial court's taking judicial notice of the time of sunset on the date the crime occurred.

instruction on the lesser offense that he later sought and was denied." (*Id.*)

After *de novo* review, the Court finds no merit to this objection. First, as a practical matter, the Court agrees with the Magistrate Judge that it is not the province of this Court to reconsider the state courts' findings that the trial court properly took judicial notice of the time of sunset on the date of the crime–as those findings were based on South Carolina state evidentiary law. Next, the Court also agrees with the Magistrate Judge that Petitioner has failed to demonstrate any prejudice as a result of trial counsel's failure to object to the trial court's taking of judicial notice. As the Magistrate Judge explained, Petitioner simply has not shown that there is a reasonable probability that the result of the trial would have been different had trial counsel objected. First, the record clearly demonstrates that the trial court denied counsel's request for a second-degree burglary charge based on the *entirety* of the evidence, and not based solely on the U.S. Naval Observatory evidence of which the trial court took judicial notice. Second, as the Magistrate Judge also pointed out, Petitioner did not contest the other evidence of record that indicated that the crime occurred around 8:00 p.m.; nor did he offer evidence that the sun had not set at the time of the crime. Thus, in light of the other uncontested evidence of record, the Court agrees with the Magistrate Judge that Petitioner has failed to show that–had trial counsel objected to the trial court's taking of judicial notice of the time of sunset–either the trial court would not have denied counsel's request for a charge on second-degree burglary or the jury would not have convicted Petitioner of first-degree burglary (based on the other evidence indicating that the crime occurred after sunset). For these reasons, the Court overrules Petitioner's objection.

In the Report, the Magistrate Judge next addressed the merits of Petitioner's claim

that trial counsel was ineffective for failing to investigate (explaining that Respondent did not assert procedural default as to this claim). After outlining the PCR court's findings, the Magistrate Judge concluded that Petitioner failed to demonstrate error in the PCR court's determination that trial counsel's testimony was credible and that Petitioner's testimony was not. The Magistrate Judge further found that Petitioner failed to show that the PCR court unreasonably applied clearly established federal law; instead the Magistrate Judge found that the PCR court correctly applied *Strickland* by giving deference to trial counsel's tactical decisions. Ultimately, the Magistrate Judge concluded that Petitioner failed to show that the PCR court's findings were unreasonable either in fact or in law, and that Petitioner failed to demonstrate a reasonable probability that, but for trial counsel's alleged errors, the results of the trial would have been different.

Petitioner's objections do not specifically object to the Magistrate Judge's findings as to this claim. Nevertheless, the Court notes that even under a *de novo* review of this issue (and under clear error review), the Court agrees with the Magistrate Judge's analysis and finds that Respondent is entitled to summary judgment as to this claim for the reasons set forth in the Report.

The Magistrate Judge next addressed the merits of Petitioner's second ground for relief–alleging prosecutorial misconduct based on comments made during opening statement and closing argument. The Magistrate Judge explained that Petitioner raised this claim on direct appeal but the Court of Appeals found that it was not preserved because no contemporaneous objections were made at the time of trial. The Magistrate Judge further explained that this Court should not review the merits of this claim because the state court expressly relied on an independent and adequate state procedural rule in

finding this claim defaulted.

Here again, Petitioner's objections do not specifically respond to the Magistrate Judge's findings on this issue. Nevertheless, after either *de novo* review or clear error review, the Court finds that the Magistrate Judge correctly applied the law, and the Court fully agrees with the Magistrate Judge that Petitioner has failed to overcome the independent and adequate state procedural rule by demonstrating cause and prejudice for the default, or by demonstrating that a fundamental miscarriage of justice would occur if the Court declines to consider the merits of the claim. *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (noting that a state court must have actually relied upon the procedural rule as an independent basis for dismissal for the claim to be barred in federal habeas); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999); *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008); *Richardson v. South Carolina*, No. 3:09-1107-MBS-JRM, 2010 WL 1346302, at *9 (D.S.C. Feb. 12, 2010), *report & recommendation adopted by* 2010 WL 1346420 (D.S.C. Mar. 31, 2010). Accordingly, the Court finds that Respondent is entitled to summary judgment on this claim for the reasons set forth in the Report.

Finally, in the Report, the Magistrate Judge considered grounds three and four of the petition–that the trial court erred by refusing to instruct on the lesser-included offense of second degree burglary and by refusing to admit evidence of third-party guilt, respectively. The Magistrate Judge explained that because the Court of Appeals affirmed the trial court's evidentiary rulings based on its interpretation of state evidentiary law, these issues are purely state law questions that are not cognizable on federal habeas corpus review.

Again, Petitioner's objections do not specifically respond to these findings of the

Magistrate Judge. Regardless, under either *de novo* or clear error review, the Court agrees with the Magistrate Judge that Petitioner is not entitled to federal habeas corpus relief for the alleged errors set forth in grounds three and four of his petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "federal habeas corpus relief does not lie for errors of state law"). Accordingly, for the reasons set forth in the Report, the Court finds that Respondent is entitled to summary judgment on these claims.

## CONCLUSION

For the foregoing reasons, the Court overrules Petitioner's objections (ECF No. 36); the Court adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 34); and the Court grants Respondent's motion for summary judgment (ECF No. 17) in its entirety, thereby dismissing this action.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 24, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable

jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.